# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. HOLGUIN,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN DOE, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-CV-00440-AWI-SMS-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.     Screening Order

     A.     Screening Requirement

Plaintiff Richard G. Holguin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 22, 2005 in the Northern District of California and it was transferred to this court on April 4, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
4   U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
6   standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7   Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
9   U.S. 411, 421 (1969).

10  B.   Plaintiff's Claims

11  In his complaint, plaintiff alleges claims for relief against inmates John Doe 1 and John Doe
12  2 for defamation.  Plaintiff is seeking monetary damages.

13  To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under
14  color of state law and (2) that the defendant deprived him of rights secured by the Constitution or
15  federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  Private parties such
16  as Does 1 and 2 are not acting under color of state law and as such, may not be sued under section
17  1983.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

18  Further, plaintiff's allegations of defamation do not give rise to a claim for relief under
19  section 1983.  Reputation alone does not implicate any "liberty" or "property" interests sufficient to
20  invoke the procedural protection of the due process clause, and something more than simple
21  defamation must be involved to establish a claim under § 1983.  Paul v. Davis, 424 U.S. 693, 701
22  (1976).

23  For these reasons, plaintiff's complaint does not contain a cognizable claim for relief under
24  section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint.
25  In amending his complaint, plaintiff is informed that the Civil Rights Act under which this action
26  was filed provides:

27      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
28      of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

C.   Conclusion

The court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983 against Doe 1 and Doe 2. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff believes he can do so in good faith.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   August 9, 2005**              /s/ Sandra M. Snyder
icido3                           UNITED STATES MAGISTRATE JUDGE