UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. HOLGUIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:05-cv-00440-AWI-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 17)<br><br>**ORDER DISMISSING ACTION** |

　　Plaintiff Richard G. Holguin ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　On August 10, 2005, the Magistrate Judge concluded that the complaint must be dismissed.  The Magistrate Judge gave notice of the pleading deficiencies in the complaint, namely that the complaint alleged civil rights claims against private parties and failed to link defendants to alleged constitutional violations. The Magistrate Judge then granted Plaintiff leave to filed an amended complaint within thirty days.

1

After more than thirty days passed without Plaintiff filing an amended complaint, on September 22, 2005, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within twenty (20) days.  To date, plaintiff has not filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C), this court has conducted a de novo review of this case.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having reviewed the file, the court adopts the recommendation that the action be dismissed.  No complaint is currently on file in this action, and this case cannot proceed with a complaint on file.  Further, the original complaint was properly dismissed for failure to state a claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

The court cannot manage its docket if it maintains cases in which a plaintiff fails to keep an operative complaint on file by filing an amended complaint.  The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks

2

enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiff might raise in an amended complaint if Plaintiff never files an amended complaint. The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case.

     Accordingly, IT IS HEREBY ORDERED that:

     1.   The Findings and Recommendations, filed September 22, 2005, is ADOPTED IN FULL; and,

     2.   This action is DISMISSED, without prejudice, for plaintiff's failure to obey the court's order of August 10, 2005, and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   November 9, 2005**            **/s/ Anthony W. Ishii**
0m8i78                                   UNITED STATES DISTRICT JUDGE

3